I agree with the majority as to the disposition of the second and third assignments of error.
I also agree with the majority as to its disposition of the first assignment of error but write separately as I disagree with the majority's position that the necessity for finality of judgments leads to the conclusion that the acknowledgment of paternity done in a divorce or dissolution action and incorporated as the court's order in a divorce or dissolution decree cannot be vacated except as set forth by statute. I would find that there may be occasions when it is appropriate to vacate such judgments based on the best interests of a child. A motion brought on a child's behalf to vacate a judgment under Civil Rule 60(B)(4) (it is no longer equitable for the judgment to have prospective application) and/or 60(B)(5), which sets forth reasons that the relief requested is in the child's best interest, would warrant an evidentiary. If, at the evidentiary hearing, it was established that the relief was in the child's best interest, then genetic testing should be ordered.
 ______________________ JUDGE JULIE A. EDWARDS